O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICIA MARTINEZ, | ) | CASE NO. ED CV 10-01301 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff raises two points in challenging the Commissioner's denial of her disability claim, and both are couched in boilerplate terms. First, Plaintiff asserts that the Administrative Law Judge was wrong not to accept the treating physician's opinion. Second, Plaintiff asserts that the Administrative Law Judge was wrong not to accept the lay testimony of Plaintiff's sister. Neither point has merit.

A treating physician's opinion merits deference, *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001), but does not need to be accepted, and the Administrative Law Judge may choose not to accept it if he gives specific and legitimate reasons for doing so, *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1996), or clear and convincing reasons if the opinion is uncontroverted. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). The Administrative Law Judge fulfilled his responsibility. He pointed out that the progress and treatment notes are inconsistent with the opinion, that there are no diagnostic or

treatment studies to support the opinion, and that opinions from the consulting and examining physicians were contrary and were supported by the records, and, in the instance of the mental health area, the contrary opinions were given by specialists in the field. [AR 17-19] These are sufficient reasons for choosing not to accept the opinion of the treating physician, and rely instead on the substantial evidence from the other sources. *Magallanes v. Bowen*, 881 F.2d 747, 751 (1989).

As a subordinate argument, Plaintiff asserts that the Administrative Law Judge should have re-contacted Plaintiff's physician to develop the record further. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The record here was clear, and there was no need for further development. The Administrative Law Judge simply had a question as to whether a signature was that of the treating physician, but he proceeded to analyze the opinion under two alternatives, assuming first that the signature was that of the treating physician, and then also assuming that it was not. [AR 18-19] There was no need for further record development.

Plaintiff also contends that the Administrative Law Judge erred in discounting the evidence from Plaintiff's sister. An administrative law judge must consider such evidence, *Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001), but, like any other evidence, it need not be accepted. Here, the Administrative Law Judge gave valid reasons for rejecting the opinion. It was not presented under oath, which made it not as reliable but, more importantly, the Administrative Law Judge pointed out that Plaintiff's sister did not have a strong foundation for her views, since she stated that she did not spend much time with her and did very little with her. [AR 17, citing AR 155]. Finally, the Administrative Law Judge noted that the report was exaggerated in that its view of the extreme limitations on Plaintiff's ability was inconsistent with the medical evidence. [AR 19] These were all

1 sufficient reasons for not crediting the lay evidence. *Greger v. Barnhart*, 464F.3d 968 (9th
2 Cir. 2006)*; Lewis, supra,* 236 F.3d 503, 511 (9th Cir. 2001).
3         In accordance with the foregoing, the decision of the Commissioner is
4 affirmed.

6         DATED: November 30, 2011

                                                               RALPH ZAREFSKY
                                  UNITED STATES MAGISTRATE JUDGE